# EXHIBIT A

1  Larry H. Shapazian - SBN#120197

2  **TOMASSIAN, PIMENTEL & SHAPAZIAN**
   A PROFESSIONAL LAW PARTNERSHIP

3  3419 W. Shaw Avenue
   Fresno, California 93711

4  (559) 277-7300 ● FAX (559) 277-7350

E-FILED
2/17/2017 11:11:25 AM
FRESNO COUNTY SUPERIOR COURT
By: C. Cogburn, Deputy

5  Attorneys for Plaintiff JOHN SALAZAR, an individual

6

7

8  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  COUNTY OF FRESNO

10

11

JOHN SALAZAR, an individual,  )   Case No.   17CECG00527
                              )
12                            )
              Plaintiff,      )
13                            )   COMPLAINT FOR DAMAGES
    v.                        )
14                            )
CARGILL BEEF SOLUTIONS COMPANY )
15  aka CARGILL MEAT SOLUTIONS )
    CORPORATION, and Does 1-100, )   Unlimited Civil Case
16                            )
              Defendants.     )
17  _____  )   JURY TRIAL DEMANDED

18

19

20

21  COMES NOW, plaintiff JOHN SALAZAR and complains of defendants as follows:

22

23  **PRELIMINARY ALLEGATIONS**

24  1.

25  Plaintiff JOHN SALAZAR, an individual, currently is a resident of the County of Fresno,

26  State of California.

27  ///

28  ///

2.

Plaintiff is informed and believes, and thereby alleges that defendant CARGILL BEEF SOLUTIONS COMPANY aka CARGILL MEAT SOLUTIONS CORPORATION (hereafter referred to as "CARGILL") is a business organization, form unknown, which owns and operates a business in the County of Fresno, State of California, at or about 3115 South Fig Avenue in Fresno, California 93706.

3.

Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

4.

Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein is, and at all times herein mentioned, relevant to the action, was, the agent and employee of the co-defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants gave consent to ratify and authorized the acts herein alleged as to each of the remaining defendants.

5.

The unlawful employment practices complained of herein occurred in the County of Fresno, State of California.

///

///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

6.

Plaintiff JOHN SALAZAR is in a group protected by the Fair Employment and Housing Act (FEHA).

### FIRST CAUSE OF ACTION

### (Statutory Discrimination [Government Code sections 12940]

The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the PRELIMINARY ALLEGATIONS.

1.

On or about 2006, defendant CARGILL took over plaintiff JOHN SALAZAR'S employer and employed him work as a Superintendent of the Kill Floor at its business located at 3115 South Fig Avenue in Fresno, California 93706. In 2008, Defendant CARGILL promoted plaintiff JOHN SALAZAR to the position of Manager. On or about 2010, plaintiff JOHN SALAZAR requested and was moved back to the Superintendent of the Kill Floor position. At all times herein, plaintiff JOHN SALAZAR qualified for the position of Superintendent of the Kill Floor as required by defendant CARGILL. On or about February 26, 2015, defendant CARGILL wrongfully terminated (constructive discharge) plaintiff JOHN SALAZAR from his employment because of his association with a co-worker (female) of a protected class under the Fair Employment and Housing Act (FEHA). At the time, plaintiff JOHN SALAZAR was earning approximately $95,000.00 a year.

2.

On or about November of 2014, plaintiff JOHN SALAZAR was interviewed at a proceeding before the Department of Fair Employment and Housing (DFEH) or U.S. Equal Employment Opportunity Commission (EEOC) where he testified favorably for a female co-worker regarding her gender discrimination claim.

3.

Subsequent to the interview/proceeding, defendant CARGILL retaliated against plaintiff JOHN SALAZAR and interviewed employees of defendant CARGILL to obtain information to use against plaintiff JOHN SALAZAR; harassed plaintiff JOHN SALAZAR in its workplace; and refused to provide him with support at work.

4.

On or about December 2014/January 2015, defendant CARGILL falsely imprisoned plaintiff JOHN SALAZAR in an office at work to punish him for supporting the female co-worker who had a discrimination claim.  Plaintiff JOHN SALAZAR was working on the floor when the hiring manager for defendant CARGILL told him they needed to go to the front office. After entering the office, plaintiff JOHN SALAZAR was told that he could not leave.  In fact, the hiring manager blocked the door.  When plaintiff JOHN SALAZAR told the hiring manager that he needed to go to the bathroom, the hiring manager refused to allow him to go.  Plaintiff JOHN SALAZAR was forced to pee in his pants.   Here, plaintiff JOHN SALAZAR was falsely imprisoned in the room for at least 4 hours.  Subsequent to this event, plaintiff JOHN SALAZAR was told by another manager of defendant CARGILL that he was kept in the room, because he had testified in favor of the female co-worker who had a discrimination claim.

5.

On or about December of 2014/January of 2015, defendant CARGILL made it known that it was going to fire plaintiff JOHN SALAZAR from his employment, because he had supported a co-worker who had discrimination complaint before the DFEH/EEOC.  In addition, defendant CARGILL declined to provide plaintiff JOHN SALAZAR with support during work.   On or about February 26, 2015, plaintiff JOHN SALAZAR was constructively discharged from his employment.

///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

6.

During his employment, plaintiff JOHN SALAZAR was discriminated against because of his association with a member of a protected class. Plaintiff JOHN SALAZAR was subjected to differential treatment and constructively terminated from his employment with defendant CARGILL because of his association with a member of a protected class.

7.

Defendant CARGILL'S discriminatory actions against plaintiff JOHN SALAZAR in terminating (constructive discharge) him from his employment as alleged above constituted unlawful discrimination on account of plaintiff JOHN SALAZAR'S association with a member of a protected class in violation of Government Code §12940 *et seq*.

8.

The actions alleged paragraphs 1 through 7 occurred at defendant's place of business in the County of Fresno, State of California.

9.

The actions of defendant CARGILL referred to in paragraphs 1 through 8 above, amounted to conduct intended to cause injury to the plaintiff and was despicable in that it was carried on by defendants with willful and conscious disregard of the rights of plaintiff. Further, said actions subjected plaintiff to cruel and unusual hardship in conscious disregard of plaintiff's rights.

10.

Defendant CARGILL had advance knowledge of the unfitness of its employees and managing agents and employed them with conscious disregard of the rights and safety of others. Further, defendant CARGILL authorized and ratified through its officers, directors, managing agents, partners, and owners, the wrongful conduct alleged above.

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

11.

As a proximate result of defendant's discriminatory conduct and tortious conduct as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, embarrassment, mental anguish, emotional and physical distress, discomfort and has been injured in mind and body. As a result of said discriminatory conduct, harassment, and consequent harm, plaintiff has suffered damages in an amount according to proof.

12.

As a further and proximate result of defendant's tortious and discriminatory conduct, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, benefits, the intangible loss of such employment related opportunities and experience from which plaintiff was terminated, and additional income and benefits plaintiff would have received from his employment position with defendant. As a result of such tortious and discriminatory conduct, and consequent harm, plaintiff has suffered damages in an amount according to proof.

13.

As a further and proximate result of defendant's tortious and discriminatory conduct as alleged above, plaintiff will need to employ physicians, psychologists and other medical personnel; all to her further damage in an amount according to proof.

14.

As a direct, foreseeable, and proximate result of the wrongful acts of the defendants, the plaintiff has incurred and continues to incur legal expenses and attorneys' fees, in an amount to be determined, for which the plaintiff claims a sum to be established according to proof.

///

///

///

Complaint for Damages                                6

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

15.

On or about November 20, 2015, within one year after the discrimination, herein alleged against defendant CARGILL,  plaintiff JOHN SALAZAR filed a Complaint of Discrimination with the California Department of Fair Employment and Housing.

16.

On or about November 17, 2016, the Department of Fair Employment and Housing issued a Notice of Case Closure and Right to Sue Letter regarding the Complaint filed on November 20, 2015.

17.

No adequate remedy exists at law for the injuries suffered by plaintiff JOHN SALAZAR herein, insofar as the employment opportunity that defendant CARGILL has denied to plaintiff JOHN SALAZAR cannot be secured absent injunctive relief.  If this court does not grant injunctive relief of the type for the purpose specified below, plaintiff JOHN SALAZAR will suffer irreparable injury.  Therefore, plaintiff JOHN SALAZAR requests the following injunctive relief: requiring defendant CARGILL to prevent discrimination from occurring in its workplace.

18

The actions leading up to the plaintiff being terminated from her employment and plaintiff's termination of employment were done with malice, fraud, oppression and reckless disregard of the plaintiff's rights as defined by Civil Code section 3294.

///

///

///

///

**SECOND CAUSE OF ACTION**

**(Statutory Discrimination [Government Code sections 12940])**

The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the PRELIMINARY ALLEGATIONS; paragraphs 1 through 18 of the First Cause of Action.

1.

Before the disability discrimination occurred, defendant CARGILL failed to take all reasonable steps to prevent discrimination from occurring in its workplace.

**THIRD CAUSE OF ACTION**

**[Statutory Retaliation [Government Code section 12940 et seq]**

The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the PRELIMINARY ALLEGATION; paragraphs 1 through 18 of the First Cause of Action; and paragraph 1 of the Second Cause of Action.

1.

Prior to plaintiff JOHN SALAZAR constructive discharge, defendant CARGILL made it known to plaintiff JOHN SALAZAR that it was going to fire him because he had supported a co-worker who had discrimination complaint.

2.

Defendant CARGILL is covered under the Fair Employment and Housing Act (FEHA) [Government Code section 12940 et seq]. For example, FEHA prohibits employers from retaliating against employees for opposing practices forbidden by the FEHA or for filing a complaint, testifying or assisting in any proceeding under FEHA (Government Code §12940(h).

///

///

///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

3.

It also is an unlawful employment practice for anyone to aid, abet, incite, compel or coerce the doing of any act forbidden under FEHA  (Government Code §12940(h).

4.

Defendant CARGILL retaliated against plaintiff JOHN SALAZAR for testifying for a co-worker who had a discrimination claim before the EEOC.  One of the motivating factors for terminating (constructive discharge) plaintiff JOHN SALAZAR was due to the fact that he had exercised his rights under FEHA.

## FOURTH CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation of Public Policy)

The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the PRELIMINARY ALLEGATION; paragraphs 1 through 18 of the First cause of action; paragraph 1 of the Second Cause of Action; and paragraphs 1 through 4 of the Third Cause of Action

1.

Defendant CARGILL retaliated against plaintiff JOHN SALAZAR for reporting illegal conduct in the workplace to the DFEH/EEOC.

2.

Defendant CARGILL had advance knowledge of the unfitness of its employees and managing agents and employed them with conscious disregard of the rights and safety of others. Further, defendant CARGILL authorized and ratified through its officers, directors, managing agents, partners, and owners, the wrongful conduct alleged above.

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

3.

Labor Code section 1102.5(a) provides, in relevant part, that: "No employer shall make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation."

4.

Labor Code section 1102.5(b) provides, in relevant part, that "No employer shall retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal statute, or violation or noncompliance with a state or federal regulation."

5.

Labor Code section 1102.5© provides, in relevant part, that "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a state or federal statute, or in violation or noncompliance with a state or federal rule or regulation.

6.

The above-described conduct of defendant CARGILL constitutes discrimination, retaliation and wrongful termination of plaintiff in violation of public policy embodied in the Fair Employment and Housing Act (Government Code section 12940 et seq).

///
///
///
///
///

Complaint for Damages

7.

Additionally, the above-described conduct of defendant constitutes wrongful termination of plaintiff in violation of public policy.  Labor Code sections 1102.5 embodies fundamental, substantial, and well-established public policies of the State of California.   In constructively discharging plaintiff JOHN SALAZAR violated fundamental, substantial, and well established public policies embodied in Labor Code sections 1102.5.

8.

Defendants' discriminatory, retaliatory, and wrongful actions against plaintiff JOHN SALAZAR  in subjecting her to discrimination and retaliation and terminating plaintiff JOHN SALAZAR (constructive discharge) from his employment constituted unlawful discrimination and retaliation in violation of Government Code §12940 *et seq*, was unlawful and in violation of public policy

9.

The actions of defendants referred to above, amounted to conduct intended to cause injury to the plaintiff and was despicable in that it was carried on by defendants with willful and conscious disregard of the rights of plaintiff.  Further, said actions subjected plaintiff to cruel and unusual hardship in conscious disregard of plaintiff's rights.

10.

Defendant  had advance knowledge of the unfitness of its employees and managing agents and employed them with conscious disregard of the rights and safety of others.  Further, defendant authorized and ratified through its officers, directors, managing agents, partners, and owners, the wrongful conduct alleged above.

///

///

///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

Complaint for Damages                                         11

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

11.

As a proximate result of defendant's tortious conduct as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, embarrassment, mental anguish, emotional and physical distress, discomfort and has been injured in mind and body.  As a result of said discriminatory conduct, harassment, and consequent harm, plaintiff has suffered damages in an amount according to proof.

12.

As a further and proximate result of defendant's tortious, conduct, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, benefits, the intangible loss of such employment related opportunities and experience from which plaintiff was terminated, and additional income and benefits plaintiff would have received from his employment position with defendants.  As a result of such tortious, discriminatory, harassing conduct, and consequent harm, plaintiff has suffered damages in an amount according to proof.

13.

As a further and proximate result of defendant's tortious, discriminatory, and harassing conduct as alleged above, plaintiff will need to employ physicians, psychologists  and other medical personnel; all to his further damage in an amount according to proof.

14.

As a direct, foreseeable, and proximate result of the wrongful acts of the defendants, plaintiff has incurred and continues to incur legal expenses and attorneys' fees, in an amount to be determined, for which plaintiff claims a sum to be established according to proof.

///

///

///

15.

The actions of defendants referred to above, amounted to conduct intended to cause injury to the plaintiff and was despicable in that it was carried on by defendants with willful and conscious disregard of the rights of plaintiff. Further, said actions subjected plaintiff to cruel and unusual hardship in conscious disregard of plaintiff's rights.

16.

The actions leading up to the plaintiff being terminated from her employment and plaintiff's termination of employment were done with malice, fraud, oppression and reckless disregard of the plaintiff's rights as defined by Civil Code section 3294.

**PRAYER**

WHEREFORE, plaintiff JOHN SALAZAR prays for judgment against defendants, and each of them, as follows:

1.      For special damages according to proof, including, but not limited to, past and future earnings, employee benefits, cost of seeking employment, and past and future medical expenses;

2.      For general damages or compensatory damages according to proof, including, but not limited to, emotional, physical and mental distress, humiliation, mental anguish, embarrassment, discomfort, pain and suffering;

3.      For prejudgment interest on the amount owed to plaintiff according to proof, including, but not limited to interest at the legal rate for lost earnings and benefits and interest at the legal rate for unpaid wages and benefits from February 26, 2015;

4.      For punitive damages in an amount to punish defendants for their wrongful conduct and to deter them from engaging in similar conduct as it pertains to the First, Second, Third, and Fourth Causes of Action;

5.      For reasonable attorneys fees; including, but not limited to those available under applicable statute or legal principle;

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

6.      For costs of suit and expert witness fees incurred by plaintiff; and,

7.      For such other and further relief as this court may deem proper.

DATED: February 17, 2017                    TOMASSIAN, PIMENTEL & SHAPAZIAN

                                            By:  _____
                                                 LARRY H. SHAPAZIAN
                                                 Attorneys for Plaintiff JOHN SALAZAR, an
                                                 individual

## DEMAND FOR JURY TRIAL

Plaintiff JOHN SALAZAR demands a trial by jury.

DATED: February 17, 2017                    TOMASSIAN, PIMENTEL & SHAPAZIAN

                                            By:  _____
                                                 LARRY H. SHAPAZIAN
                                                 Attorneys for Plaintiff JOHN SALAZAR, an
                                                 individual

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

# EXHIBIT B

1     Larry H. Shapazian - SBN#120197

2     **TOMASSIAN, PIMENTEL & SHAPAZIAN**
      A PROFESSIONAL LAW PARTNERSHIP

3          3419 W. Shaw Avenue         E-FILED
          Fresno, California 93711        5/3/2018 3:17 PM

4       (559) 277-7300 ● FAX (559) 277-7350     FRESNO COUNTY SUPERIOR COURT
                                     By: I. Herrera, Deputy

5     Attorneys for Plaintiff JOHN SALAZAR, an individual

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF FRESNO

10

11     JOHN SALAZAR, an individual,          )    Case No. 17CECG00527

12                             )

13                 Plaintiff,         )    FIRST AMENDE3D COMPLAINT
                            )    FOR DAMAGES

14     v.                                   )

15     CARGILL MEAT SOLUTIONS         )
    CORPORATION aka CARGILL BEEF    )

16     SOLUTIONS COMPANY and Does 1-100   )
                            )    Unlimited Civil Case

17                Defendants.       )
    _____ )

18                             JURY TRIAL DEMANDED

19

20

21        COMES NOW, plaintiff JOHN SALAZAR and complains of defendants as follows:

22

23                     **PRELIMINARY ALLEGATIONS**

24                              1.

25        Plaintiff JOHN SALAZAR, an individual, currently is a resident of the County of Fresno,

26     State of California.

27     ///

28     ///

2.

Plaintiff is informed and believes, and thereby alleges that defendant CARGILL MEAT SOLUTIONS CORPORATION aka CARGILL BEEF SOLUTIONS COMPANY (hereafter referred to as "CARGILL") is a business organization, form unknown, which owns and operates a business in the County of Fresno, State of California, at or about 3115 South Fig Avenue in Fresno, California 93706.

3.

Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

4.

Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein is, and at all times herein mentioned, relevant to the action, was, the agent and employee of the co-defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants gave consent to ratify and authorized the acts herein alleged as to each of the remaining defendants.

5.

The unlawful employment practices complained of herein occurred in the County of Fresno, State of California.

///

///

1

6.

2     Plaintiff JOHN SALAZAR is in a group protected by the Fair Employment and Housing

3    Act (FEHA).

4

5                              **FIRST CAUSE OF ACTION**

6              **(Statutory Discrimination [Government Code sections 12940]**

7     The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the

8    PRELIMINARY ALLEGATIONS.

9

10                                                    1.

11    On or about 2006, defendant CARGILL took over plaintiff JOHN SALAZAR'S employer

12   and employed him work as a Superintendent of the Kill Floor at its business located at 3115

13   South Fig Avenue in Fresno, California 93706. In 2008, Defendant CARGILL promoted

14   plaintiff JOHN SALAZAR to the position of Manager. On or about 2010, plaintiff JOHN

15   SALAZAR requested and was moved back to the Superintendent of the Kill Floor position. At

16   all times herein, plaintiff JOHN SALAZAR qualified for the position of Superintendent of the

17   Kill Floor as required by defendant CARGILL. On or about February 26, 2015, defendant

18   CARGILL wrongfully terminated (constructive discharge) plaintiff JOHN SALAZAR from his

19   employment because of his association with a co-worker (female) of a protected class under the

20   Fair Employment and Housing Act (FEHA). At the time, plaintiff JOHN SALAZAR was

21   earning approximately $95,000.00 a year.

22

23                                                   2.

24    On or about November of 2014, plaintiff JOHN SALAZAR was interviewed at a

25   proceeding before the Department of Fair Employment and Housing (DFEH) or U.S. Equal

26   Employment Opportunity Commission (EEOC) where he testified favorably for a female co-

27   worker regarding her gender discrimination claim.

28

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

3.

Subsequent to the interview/proceeding, defendant CARGILL retaliated against plaintiff JOHN SALAZAR and interviewed employees of defendant CARGILL to obtain information to use against plaintiff JOHN SALAZAR; harassed plaintiff JOHN SALAZAR in its workplace; and refused to provide him with support at work.

4.

On or about December 2014/January 2015, defendant CARGILL falsely imprisoned plaintiff JOHN SALAZAR in an office at work to punish him for supporting the female co-worker who had a discrimination claim.  Plaintiff JOHN SALAZAR was working on the floor when the hiring manager for defendant CARGILL told him they needed to go to the front office. After entering the office, plaintiff JOHN SALAZAR was told that he could not leave.  In fact, the hiring manager blocked the door.  When plaintiff JOHN SALAZAR told the hiring manager that he needed to go to the bathroom, the hiring manager refused to allow him to go.  Plaintiff JOHN SALAZAR was forced to pee in his pants.   Here, plaintiff JOHN SALAZAR was falsely imprisoned in the room for at least 4 hours.  Subsequent to this event, plaintiff JOHN SALAZAR was told by another manager of defendant CARGILL that he was kept in the room, because he had testified in favor of the female co-worker who had a discrimination claim.

5.

On or about December of 2014/January of 2015, defendant CARGILL made it known that it was going to fire plaintiff JOHN SALAZAR from his employment, because he had supported a co-worker who had discrimination complaint before the DFEH/EEOC.  In addition, defendant CARGILL declined to provide plaintiff JOHN SALAZAR with support during work.   On or about February 26, 2015, plaintiff JOHN SALAZAR was constructively discharged from his employment.

///

///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

6.

During his employment, plaintiff JOHN SALAZAR was discriminated against because of his association with a member of a protected class. Plaintiff JOHN SALAZAR was subjected to differential treatment and constructively terminated from his employment with defendant CARGILL because of his association with a member of a protected class.

7.

Defendant CARGILL'S discriminatory actions against plaintiff JOHN SALAZAR in terminating (constructive discharge) him from his employment as alleged above constituted unlawful discrimination on account of plaintiff JOHN SALAZAR'S association with a member of a protected class in violation of Government Code §12940 *et seq*.

8.

The actions alleged paragraphs 1 through 7 occurred at defendant's place of business in the County of Fresno, State of California.

9.

The actions of defendant CARGILL referred to in paragraphs 1 through 8 above, amounted to conduct intended to cause injury to the plaintiff and was despicable in that it was carried on by defendants with willful and conscious disregard of the rights of plaintiff. Further, said actions subjected plaintiff to cruel and unusual hardship in conscious disregard of plaintiff's rights.

10.

Defendant CARGILL had advance knowledge of the unfitness of its employees and managing agents and employed them with conscious disregard of the rights and safety of others. Further, defendant CARGILL authorized and ratified through its officers, directors, managing agents, partners, and owners, the wrongful conduct alleged above.

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

11.

As a proximate result of defendant's discriminatory conduct and tortious conduct as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, embarrassment, mental anguish, emotional and physical distress, discomfort and has been injured in mind and body.  As a result of said discriminatory conduct, harassment, and consequent harm, plaintiff has suffered damages in an amount according to proof.

12.

As a further and proximate result of defendant's tortious and discriminatory conduct, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, benefits, the intangible loss of such employment related opportunities and experience from which plaintiff was terminated, and additional income and benefits plaintiff would have received from his employment position with defendant.  As a result of such tortious and discriminatory conduct, and consequent harm, plaintiff has suffered damages in an amount according to proof.

13.

As a further and proximate result of defendant's tortious and discriminatory conduct as alleged above, plaintiff will need to employ physicians, psychologists and other medical personnel; all to her further damage in an amount according to proof.

14.

As a direct, foreseeable, and proximate result of the wrongful acts of the defendants, the plaintiff has incurred and continues to incur legal expenses and attorneys' fees, in an amount to be determined, for which the plaintiff claims a sum to be established according to proof.

///

///

///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

15.

On or about November 20, 2015, within one year after the discrimination, herein alleged against defendant CARGILL,  plaintiff JOHN SALAZAR filed a Complaint of Discrimination with the California Department of Fair Employment and Housing.

16.

On or about November 17, 2016, the Department of Fair Employment and Housing issued a Notice of Case Closure and Right to Sue Letter regarding the Complaint filed on November 20, 2015.

17.

No adequate remedy exists at law for the injuries suffered by plaintiff JOHN SALAZAR herein, insofar as the employment opportunity that defendant CARGILL has denied to plaintiff JOHN SALAZAR cannot be secured absent injunctive relief.  If this court does not grant injunctive relief of the type for the purpose specified below, plaintiff JOHN SALAZAR will suffer irreparable injury.  Therefore, plaintiff  JOHN SALAZAR requests the following injunctive relief: requiring defendant CARGILL to prevent discrimination from occurring in its workplace.

18

The actions leading up to the plaintiff being terminated from her employment and plaintiff's termination of employment were done with malice, fraud, oppression and reckless disregard of the plaintiff's rights as defined by Civil Code section 3294.

///
///
///
///

*1st Amended Complaint for Damages*                7

1

## SECOND CAUSE OF ACTION

2

### (Statutory Discrimination [Government Code sections 12940])

3    The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the

4    PRELIMINARY ALLEGATIONS; paragraphs 1 through 18 of the First Cause of Action.

5

6                                                        1.

7    Before the disability discrimination occurred, defendant CARGILL failed to take all reasonable

8    steps to prevent discrimination from occurring in its workplace.

9

10                                   ## THIRD CAUSE OF ACTION

11                    ### [Statutory Retaliation [Government Code section 12940 et seq]

12    The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the

13    PRELIMINARY ALLEGATION; paragraphs 1 through 18 of the First Cause of Action; and

14    paragraph 1 of the Second Cause of Action.

15

16                                                        1.

17    Prior to plaintiff JOHN SALAZAR constructive discharge, defendant CARGILL made it

18    known to plaintiff JOHN SALAZAR that it was going to fire him because he had supported a co-

19    worker who had discrimination complaint.

20                                                        2.

21    Defendant CARGILL is covered under the Fair Employment and Housing Act (FEHA)

22    [Government Code section 12940 et seq].  For example, FEHA prohibits employers from

23    retaliating against employees for opposing practices forbidden by the FEHA or for filing a

24    complaint, testifying or assisting in any proceeding under FEHA (Government Code §12940(h).

25

26    ///

27    ///

28    ///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

3.

It also is an unlawful employment practice for anyone to aid, abet, incite, compel or coerce the doing of any act forbidden under FEHA  (Government Code §12940(h).

4.

Defendant CARGILL retaliated against plaintiff JOHN SALAZAR for testifying for a co-worker who had a discrimination claim before the EEOC.  One of the motivating factors for terminating (constructive discharge) plaintiff JOHN SALAZAR was due to the fact that he had exercised his rights under FEHA.

# FOURTH CAUSE OF ACTION

## (Wrongful Termination of Employment in Violation of Public Policy)

The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the PRELIMINARY ALLEGATION; paragraphs 1 through 18 of the First cause of action; paragraph 1 of the Second Cause of Action; and paragraphs 1 through 4 of the Third Cause of Action

1.

Defendant CARGILL retaliated against plaintiff JOHN SALAZAR for reporting illegal conduct in the workplace to the DFEH/EEOC.

2.

Defendant CARGILL had advance knowledge of the unfitness of its employees and managing agents and employed them with conscious disregard of the rights and safety of others. Further, defendant CARGILL authorized and ratified through its officers, directors, managing agents, partners, and owners, the wrongful conduct alleged above.

3.

Labor Code section 1102.5(a) provides, in relevant part, that: "No employer shall make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation."

4.

Labor Code section 1102.5(b) provides, in relevant part, that "No employer shall retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal statute, or violation or noncompliance with a state or federal regulation."

5.

Labor Code section 1102.5©) provides, in relevant part, that "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a state or federal statute, or in violation or noncompliance with a state or federal rule or regulation.

6.

The above-described conduct of defendant CARGILL constitutes discrimination, retaliation and wrongful termination of plaintiff in violation of public policy embodied in the Fair Employment and Housing Act (Government Code section 12940 et seq).

///

///

///

///

///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

7.

Additionally, the above-described conduct of defendant constitutes wrongful termination of plaintiff in violation of public policy. Labor Code sections 1102.5 embodies fundamental, substantial, and well-established public policies of the State of California.   In constructively discharging plaintiff JOHN SALAZAR violated fundamental, substantial, and well established public policies embodied in Labor Code sections 1102.5.

8.

Defendants' discriminatory, retaliatory, and wrongful actions against plaintiff JOHN SALAZAR  in subjecting her to discrimination and retaliation and terminating plaintiff JOHN SALAZAR (constructive discharge) from his employment constituted unlawful discrimination and retaliation in violation of Government Code §12940 *et seq*, was unlawful and in violation of public policy

9.

The actions of defendants referred to above, amounted to conduct intended to cause injury to the plaintiff and was despicable in that it was carried on by defendants with willful and conscious disregard of the rights of plaintiff. Further, said actions subjected plaintiff to cruel and unusual hardship in conscious disregard of plaintiff's rights.

10.

Defendant  had advance knowledge of the unfitness of its employees and managing agents and employed them with conscious disregard of the rights and safety of others. Further, defendant authorized and ratified through its officers, directors, managing agents, partners, and owners, the wrongful conduct alleged above.

///

///

///

*1st Amended Complaint for Damages*          11

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

11.

As a proximate result of defendant's tortious conduct as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, embarrassment, mental anguish, emotional and physical distress, discomfort and has been injured in mind and body.  As a result of said discriminatory conduct, harassment, and consequent harm, plaintiff has suffered damages in an amount according to proof.

12.

As a further and proximate result of defendant's tortious, conduct, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, benefits, the intangible loss of such employment related opportunities and experience from which plaintiff was terminated, and additional income and benefits plaintiff would have received from his employment position with defendants.  As a result of such tortious, discriminatory, harassing conduct, and consequent harm, plaintiff has suffered damages in an amount according to proof.

13.

As a further and proximate result of defendant's tortious, discriminatory, and harassing conduct as alleged above, plaintiff will need to employ physicians, psychologists  and other medical personnel; all to his further damage in an amount according to proof.

14.

As a direct, foreseeable, and proximate result of the wrongful acts of the defendants, plaintiff has incurred and continues to incur legal expenses and attorneys' fees, in an amount to be determined, for which plaintiff claims a sum to be established according to proof.

///

///

///

15.

The actions of defendants referred to above, amounted to conduct intended to cause injury to the plaintiff and was despicable in that it was carried on by defendants with willful and conscious disregard of the rights of plaintiff.  Further, said actions subjected plaintiff to cruel and unusual hardship in conscious disregard of plaintiff's rights.

16.

The actions leading up to the plaintiff being terminated from her employment and plaintiff's termination of employment were done with malice, fraud, oppression and reckless disregard of the plaintiff's rights as defined by Civil Code section 3294.

**PRAYER**

WHEREFORE, plaintiff JOHN SALAZAR prays for judgment against defendants, and each of them, as follows:

1.      For special damages according to proof, including, but not limited to, past and future earnings, employee benefits, cost of seeking employment, and past and future medical expenses;

2.      For general damages or compensatory damages according to proof, including, but not limited to, emotional, physical and mental distress, humiliation, mental anguish, embarrassment, discomfort, pain and suffering;

3.      For prejudgment interest on the amount owed to plaintiff according to proof, including, but not limited to interest at the legal rate for lost earnings and benefits and interest at the legal rate for unpaid wages and benefits from February 26, 2015;

4.      For punitive damages in an amount to punish defendants for their wrongful conduct and to deter them from engaging in similar conduct as it pertains to the First, Second, Third, and Fourth Causes of Action;

5.      For reasonable attorneys fees; including, but not limited to those available under applicable statute or legal principle;

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

*1st Amended Complaint for Damages*                13

1     6.     For costs of suit and expert witness fees incurred by plaintiff; and,

2     7.     For such other and further relief as this court may deem proper.

3

4    DATED: May 3, 2018               TOMASSIAN, PIMENTEL & SHAPAZIAN

5

6

7                      By:    _____

8                             LARRY H. SHAPAZIAN
                             Attorneys for Plaintiff JOHN SALAZAR, an

9                             individual

10

11

12                    **DEMAND  FOR JURY TRIAL**

13

14    Plaintiff JOHN SALAZAR demands a trial by jury.

15    DATED:  May 3, 2018               TOMASSIAN, PIMENTEL & SHAPAZIAN

16

17

18                      By:    _____
                             LARRY H. SHAPAZIAN

19                             Attorneys for Plaintiff JOHN SALAZAR, an
                             individual

20

21

22

23

24

25

26

27

28

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

# EXHIBIT C

**CT Corporation**

**Service of Process Transmittal**
05/22/2018
CT Log Number 533388565

| | |
|---|---|
| **TO:** | Kathryn Page<br>Cargill, Incorporated<br>15407 McGinty Rd W Ofc Center<br>Wayzata, MN 55391-2365 |

**RE:** **Process Served in California**

**FOR:** Cargill Meat Solutions Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOHN SALAZAR, etc., Pltf. vs. Cargill Meat Solutions Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Complaint, Attachment(s), Stipulation(s) |
| **COURT/AGENCY:** | Fresno County - Superior Court - Fresno, CA<br>Case # 17CECG00527 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/22/2018 at 10:19 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Larry H. Shapazian<br>Tomassian, Pimentel & Shapazian, A Professional Law Partnership<br>3419 W. Shaw Avenue<br>Fresno, CA 93711<br>559-277-7300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/23/2018, Expected Purge Date: 05/28/2018 |
| | Image SOP |
| | Email Notification,  Renai Harrison  renai_d_harrison@cargill.com |
| | Email Notification,  Karen Kepler  Karen_Kepler@cargill.com |
| | Email Notification,  Susan Whitman  Susan_Whitman@cargill.com |
| | Email Notification,  Brooke Tassoni  Brooke_tassoni@Cargill.com |
| | Email Notification,  Kristin Mitchell  Kristin_Mitchell@cargill.com |
| | Email Notification,  Jenny Butler  jenny_butler@cargill.com |
| | Email Notification,  Molly Thornton  Molly_thornton@cargill.com |
| | Email Notification,  Kathryn Page  Kathryn_Page@cargill.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT Corporation**

**Service of Process Transmittal**
05/22/2018
CT Log Number 533388565

**TO:**   Kathryn Page
Cargill, Incorporated
15407 McGinty Rd W Ofc Center
Wayzata, MN 55391-2365

**RE:**   **Process Served in California**

**FOR:**   Cargill Meat Solutions Corporation  (Domestic State: DE)

Email Notification,  Lori Leadstrom  Lori_Leadstrom@cargill.com

**SIGNED:**   C T Corporation System
**ADDRESS:**   818 West Seventh Street
Los Angeles, CA 90017
**TELEPHONE:**   213-337-4615

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

5/22 1019

**SUM-100**

# SUMMONS
~~TO FIRST AMENDED~~ COMPLAINT
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>CARGILL MEAT SOLUTIONS CORPORATION aka CARGILL<br>BEEF SOLUTIONS COMPANY and Does 1-100<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>JOHN SALAZAR, an individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>5/7/2018<br>FRESNO COUNTY SUPERIOR COURT<br>By: I. Herrera, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Fresno County Superior Court<br>1130 "O" Street<br>Fresno, CA 93724 | **CASE NUMBER**<br>*(Número del Caso):*<br>17CECG00527 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Larry H. Shapazian (SBN #120197)          (559) 277-7300   Telephone
3419 W. Shaw Ave.                         (559) 277-7350   Fax
Fresno, CA 93711

| | | | |
|---|---|---|---|
| DATE: 5/7/2018<br>*(Fecha)* | Clerk, by I. Herrera<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   Cargill Meat Solutions Corporation aka Cargill Beef Solutions Company

3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

CEB | Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

www.courtinfo.ca.gov

1  Larry H. Shapazian - SBN#120197

2  TOMASSIAN, PIMENTEL & SHAPAZIAN
   A PROFESSIONAL LAW PARTNERSHIP

3            3419 W. Shaw Avenue
             Fresno, California 93711

   E-FILED
   5/3/2018 3:17 PM
   FRESNO COUNTY SUPERIOR COURT

4      (559) 277-7300 ● FAX (559) 277-7350

   By: I. Herrera, Deputy

5  Attorneys for Plaintiff JOHN SALAZAR, an individual

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF FRESNO

10

11
   JOHN SALAZAR, an individual,                 )   Case No.  17CECG00527
12                                              )
                        Plaintiff,              )
13                                              )   FIRST AMENDE3D COMPLAINT
   v.                                           )   FOR DAMAGES
14                                              )
   CARGILL MEAT SOLUTIONS                       )
15 CORPORATION aka CARGILL BEEF                 )
   SOLUTIONS COMPANY and Does 1-100             )
16                                              )   Unlimited Civil Case
                        Defendants.             )
17 _____ )
                                                    JURY TRIAL DEMANDED
18

19

20

21        COMES NOW, plaintiff JOHN SALAZAR and complains of defendants as follows:

22

23                        **PRELIMINARY ALLEGATIONS**

24                                   1.

25        Plaintiff JOHN SALAZAR, an individual, currently is a resident of the County of Fresno,

26 State of California.

27 ///

28 ///

---

*1st Amended Complaint for Damages*            1

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

2.

Plaintiff is informed and believes, and thereby alleges that defendant CARGILL MEAT SOLUTIONS CORPORATION aka CARGILL BEEF SOLUTIONS COMPANY (hereafter referred to as "CARGILL") is a business organization, form unknown, which owns and operates a business in the County of Fresno, State of California, at or about 3115 South Fig Avenue in Fresno, California 93706.

3.

Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

4.

Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein is, and at all times herein mentioned, relevant to the action, was, the agent and employee of the co-defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants gave consent to ratify and authorized the acts herein alleged as to each of the remaining defendants.

5.

The unlawful employment practices complained of herein occurred in the County of Fresno, State of California.

///

///

6.

Plaintiff JOHN SALAZAR is in a group protected by the Fair Employment and Housing Act (FEHA).

## FIRST CAUSE OF ACTION

### (Statutory Discrimination [Government Code sections 12940]

The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the PRELIMINARY ALLEGATIONS.

1.

On or about 2006, defendant CARGILL took over plaintiff JOHN SALAZAR'S employer and employed him work as a Superintendent of the Kill Floor at its business located at 3115 South Fig Avenue in Fresno, California 93706. In 2008, Defendant CARGILL promoted plaintiff JOHN SALAZAR to the position of Manager. On or about 2010, plaintiff JOHN SALAZAR requested and was moved back to the Superintendent of the Kill Floor position. At all times herein, plaintiff JOHN SALAZAR qualified for the position of Superintendent of the Kill Floor as required by defendant CARGILL. On or about February 26, 2015, defendant CARGILL wrongfully terminated (constructive discharge) plaintiff JOHN SALAZAR from his employment because of his association with a co-worker (female) of a protected class under the Fair Employment and Housing Act (FEHA). At the time, plaintiff JOHN SALAZAR was earning approximately $95,000.00 a year.

2.

On or about November of 2014, plaintiff JOHN SALAZAR was interviewed at a proceeding before the Department of Fair Employment and Housing (DFEH) or U.S. Equal Employment Opportunity Commission (EEOC) where he testified favorably for a female co-worker regarding her gender discrimination claim.

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

3.

Subsequent to the interview/proceeding, defendant CARGILL retaliated against plaintiff JOHN SALAZAR and interviewed employees of defendant CARGILL to obtain information to use against plaintiff JOHN SALAZAR; harassed plaintiff JOHN SALAZAR in its workplace; and refused to provide him with support at work.

4.

On or about December 2014/January 2015, defendant CARGILL falsely imprisoned plaintiff JOHN SALAZAR in an office at work to punish him for supporting the female co-worker who had a discrimination claim.  Plaintiff JOHN SALAZAR was working on the floor when the hiring manager for defendant CARGILL told him they needed to go to the front office. After entering the office, plaintiff JOHN SALAZAR was told that he could not leave.  In fact, the hiring manager blocked the door.  When plaintiff JOHN SALAZAR told the hiring manager that he needed to go to the bathroom, the hiring manager refused to allow him to go.  Plaintiff JOHN SALAZAR was forced to pee in his pants.   Here, plaintiff JOHN SALAZAR was falsely imprisoned in the room for at least 4 hours.  Subsequent to this event, plaintiff JOHN SALAZAR was told by another manager of defendant CARGILL that he was kept in the room, because he had testified in favor of the female co-worker who had a discrimination claim.

5.

On or about December of 2014/January of 2015, defendant CARGILL made it known that it was going to fire plaintiff JOHN SALAZAR from his employment, because he had supported a co-worker who had discrimination complaint before the DFEH/EEOC.  In addition, defendant CARGILL declined to provide plaintiff JOHN SALAZAR with support during work.   On or about February 26, 2015, plaintiff JOHN SALAZAR was constructively discharged from his employment.

///

///

6.

During his employment, plaintiff JOHN SALAZAR was discriminated against because of his association with a member of a protected class. Plaintiff JOHN SALAZAR was subjected to differential treatment and constructively terminated from his employment with defendant CARGILL because of his association with a member of a protected class.

7.

Defendant CARGILL'S discriminatory actions against plaintiff JOHN SALAZAR in terminating (constructive discharge) him from his employment as alleged above constituted unlawful discrimination on account of plaintiff JOHN SALAZAR'S association with a member of a protected class in violation of Government Code §12940 *et seq.*

8.

The actions alleged paragraphs 1 through 7 occurred at defendant's place of business in the County of Fresno, State of California.

9.

The actions of defendant CARGILL referred to in paragraphs 1 through 8 above, amounted to conduct intended to cause injury to the plaintiff and was despicable in that it was carried on by defendants with willful and conscious disregard of the rights of plaintiff. Further, said actions subjected plaintiff to cruel and unusual hardship in conscious disregard of plaintiff's rights.

10.

Defendant CARGILL had advance knowledge of the unfitness of its employees and managing agents and employed them with conscious disregard of the rights and safety of others. Further, defendant CARGILL authorized and ratified through its officers, directors, managing agents, partners, and owners, the wrongful conduct alleged above.

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

11.

As a proximate result of defendant's discriminatory conduct and tortious conduct as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, embarrassment, mental anguish, emotional and physical distress, discomfort and has been injured in mind and body.  As a result of said discriminatory conduct, harassment, and consequent harm, plaintiff has suffered damages in an amount according to proof.

12.

As a further and proximate result of defendant's tortious and discriminatory conduct, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, benefits, the intangible loss of such employment related opportunities and experience from which plaintiff was terminated, and additional income and benefits plaintiff would have received from his employment position with defendant.  As a result of such tortious and discriminatory conduct, and consequent harm, plaintiff has suffered damages in an amount according to proof.

13.

As a further and proximate result of defendant's tortious and discriminatory conduct as alleged above, plaintiff will need to employ physicians, psychologists  and other medical personnel; all to her further damage in an amount according to proof.

14.

As a direct, foreseeable, and proximate result of the wrongful acts of the defendants, the plaintiff has incurred and continues to incur legal expenses and attorneys' fees, in an amount to be determined, for which the plaintiff claims a sum to be established according to proof.

///

///

///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

15.

On or about November 20, 2015, within one year after the discrimination, herein alleged against defendant CARGILL,  plaintiff JOHN SALAZAR filed a Complaint of Discrimination with the California Department of Fair Employment and Housing.

16.

On or about November 17, 2016, the Department of Fair Employment and Housing issued a Notice of Case Closure and Right to Sue Letter regarding the Complaint filed on November 20, 2015.

17.

No adequate remedy exists at law for the injuries suffered by plaintiff JOHN SALAZAR herein, insofar as the employment opportunity that defendant CARGILL has denied to plaintiff JOHN SALAZAR cannot be secured absent injunctive relief.  If this court does not grant injunctive relief of the type for the purpose specified below, plaintiff JOHN SALAZAR will suffer irreparable injury.  Therefore, plaintiff  JOHN SALAZAR requests the following injunctive relief: requiring defendant CARGILL to prevent discrimination from occurring in its workplace.

18

The actions leading up to the plaintiff being terminated from her employment and plaintiff's termination of employment were done with malice, fraud, oppression and reckless disregard of the plaintiff's rights as defined by Civil Code section 3294.

///
///
///
///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

## SECOND CAUSE OF ACTION

### (Statutory Discrimination [Government Code sections 12940])

The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the PRELIMINARY ALLEGATIONS; paragraphs 1 through 18 of the First Cause of Action.

1.

Before the disability discrimination occurred, defendant CARGILL failed to take all reasonable steps to prevent discrimination from occurring in its workplace.

## THIRD CAUSE OF ACTION

### [Statutory Retaliation [Government Code section 12940 et seq]

The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the PRELIMINARY ALLEGATION; paragraphs 1 through 18 of the First Cause of Action; and paragraph 1 of the Second Cause of Action.

1.

Prior to plaintiff JOHN SALAZAR constructive discharge, defendant CARGILL made it known to plaintiff JOHN SALAZAR that it was going to fire him because he had supported a co-worker who had discrimination complaint.

2.

Defendant CARGILL is covered under the Fair Employment and Housing Act (FEHA) [Government Code section 12940 et seq]. For example, FEHA prohibits employers from retaliating against employees for opposing practices forbidden by the FEHA or for filing a complaint, testifying or assisting in any proceeding under FEHA (Government Code §12940(h).

///

///

///

3.

It also is an unlawful employment practice for anyone to aid, abet, incite, compel or coerce the doing of any act forbidden under FEHA  (Government Code §12940(h).

4.

Defendant CARGILL retaliated against plaintiff JOHN SALAZAR for testifying for a co-worker who had a discrimination claim before the EEOC.  One of the motivating factors for terminating (constructive discharge) plaintiff JOHN SALAZAR was due to the fact that he had exercised his rights under FEHA.

## FOURTH CAUSE OF ACTION
### (Wrongful Termination of Employment in Violation of Public Policy)

The plaintiff incorporates herein by reference and re-alleges paragraphs 1 through 6 of the PRELIMINARY ALLEGATION; paragraphs 1 through 18 of the First cause of action; paragraph 1 of the Second Cause of Action; and paragraphs 1 through 4 of the Third Cause of Action

1.

Defendant CARGILL retaliated against plaintiff JOHN SALAZAR for reporting illegal conduct in the workplace to the DFEH/EEOC.

2.

Defendant CARGILL had advance knowledge of the unfitness of its employees and managing agents and employed them with conscious disregard of the rights and safety of others. Further, defendant CARGILL authorized and ratified through its officers, directors, managing agents, partners, and owners, the wrongful conduct alleged above.

3.

Labor Code section 1102.5(a) provides, in relevant part, that: "No employer shall make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation."

4.

Labor Code section 1102.5(b) provides, in relevant part, that "No employer shall retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal statute, or violation or noncompliance with a state or federal regulation."

5.

Labor Code section 1102.5©) provides, in relevant part, that "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a state or federal statute, or in violation or noncompliance with a state or federal rule or regulation.

6.

The above-described conduct of defendant CARGILL constitutes discrimination, retaliation and wrongful termination of plaintiff in violation of public policy embodied in the Fair Employment and Housing Act (Government Code section 12940 et seq).

///

///

///

///

///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

7.

Additionally, the above-described conduct of defendant constitutes wrongful termination of plaintiff in violation of public policy.  Labor Code sections 1102.5 embodies fundamental, substantial, and well-established public policies of the State of California.   In constructively discharging plaintiff JOHN SALAZAR violated fundamental, substantial, and well established public policies embodied in Labor Code sections 1102.5.

8.

Defendants' discriminatory, retaliatory, and wrongful actions against plaintiff JOHN SALAZAR  in subjecting her to discrimination and retaliation and terminating plaintiff JOHN SALAZAR (constructive discharge) from his employment constituted unlawful discrimination and retaliation in violation of Government Code §12940 *et seq*, was unlawful and in violation of public policy

9.

The actions of defendants referred to above, amounted to conduct intended to cause injury to the plaintiff and was despicable in that it was carried on by defendants with willful and conscious disregard of the rights of plaintiff.  Further, said actions subjected plaintiff to cruel and unusual hardship in conscious disregard of plaintiff's rights.

10.

Defendant  had advance knowledge of the unfitness of its employees and managing agents and employed them with conscious disregard of the rights and safety of others.  Further, defendant authorized and ratified through its officers, directors, managing agents, partners, and owners, the wrongful conduct alleged above.

///

///

///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

11.

As a proximate result of defendant's tortious conduct as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, embarrassment, mental anguish, emotional and physical distress, discomfort and has been injured in mind and body. As a result of said discriminatory conduct, harassment, and consequent harm, plaintiff has suffered damages in an amount according to proof.

12.

As a further and proximate result of defendant's tortious, conduct, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, benefits, the intangible loss of such employment related opportunities and experience from which plaintiff was terminated, and additional income and benefits plaintiff would have received from his employment position with defendants. As a result of such tortious, discriminatory, harassing conduct, and consequent harm, plaintiff has suffered damages in an amount according to proof.

13.

As a further and proximate result of defendant's tortious, discriminatory, and harassing conduct as alleged above, plaintiff will need to employ physicians, psychologists and other medical personnel; all to his further damage in an amount according to proof.

14.

As a direct, foreseeable, and proximate result of the wrongful acts of the defendants, plaintiff has incurred and continues to incur legal expenses and attorneys' fees, in an amount to be determined, for which plaintiff claims a sum to be established according to proof.

///
///
///

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

15.

The actions of defendants referred to above, amounted to conduct intended to cause injury to the plaintiff and was despicable in that it was carried on by defendants with willful and conscious disregard of the rights of plaintiff. Further, said actions subjected plaintiff to cruel and unusual hardship in conscious disregard of plaintiff's rights.

16.

The actions leading up to the plaintiff being terminated from her employment and plaintiff's termination of employment were done with malice, fraud, oppression and reckless disregard of the plaintiff's rights as defined by Civil Code section 3294.

**PRAYER**

WHEREFORE, plaintiff JOHN SALAZAR prays for judgment against defendants, and each of them, as follows:

1.      For special damages according to proof, including, but not limited to, past and future earnings, employee benefits, cost of seeking employment, and past and future medical expenses;

2.      For general damages or compensatory damages according to proof, including, but not limited to, emotional, physical and mental distress, humiliation, mental anguish, embarrassment, discomfort, pain and suffering;

3.      For prejudgment interest on the amount owed to plaintiff according to proof, including, but not limited to interest at the legal rate for lost earnings and benefits and interest at the legal rate for unpaid wages and benefits from February 26, 2015;

4.      For punitive damages in an amount to punish defendants for their wrongful conduct and to deter them from engaging in similar conduct as it pertains to the First, Second, Third, and Fourth Causes of Action;

5.      For reasonable attorneys fees; including, but not limited to those available under applicable statute or legal principle;

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

6.     For costs of suit and expert witness fees incurred by plaintiff; and,

7.     For such other and further relief as this court may deem proper.

DATED: May 3, 2018                 TOMASSIAN, PIMENTEL & SHAPAZIAN

By:                                   
LARRY H. SHAPAZIAN
Attorneys for Plaintiff JOHN SALAZAR, an
individual

## DEMAND FOR JURY TRIAL

Plaintiff JOHN SALAZAR demands a trial by jury.

DATED: May 3, 2018                 TOMASSIAN, PIMENTEL & SHAPAZIAN

By:                                   
LARRY H. SHAPAZIAN
Attorneys for Plaintiff JOHN SALAZAR, an
individual

TOMASSIAN, PIMENTEL & SHAPAZIAN
3419 West Shaw Avenue
Fresno, CA 93711
Telephone (559) 277-7300

# Alternative Dispute Resolution Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court.  Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

### *Civil Standing Order Regarding ADR:*

*In 2006, a Case Management Conference (CMC) Standing Order 07-0628, was implemented requiring parties in general civil cases filed in Fresno County Superior Court to participate in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresno.courts.ca.gov under the "Forms," section.  Please note, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**
- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often

help parties resolve disputes without having to go to court or trial.  Below is a description of commonly used processes:

## *Mediation*

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does not** decide how the dispute will be resolved, the parties do. It is a cooperative process guided by the mediator to create an agreement that addresses each person's interests. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary and confidential process while working towards a resolution. **The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.**

## *Arbitration*

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and **makes a decision (award) to resolve the dispute**. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration is generally quicker, less expensive and less formal than a lawsuit. An arbitrator can often hear a case in a matter of hours rather than days in a trial. This is because the evidence can be submitted by documents rather than by testimony.

1. **Binding Arbitration**: Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-Binding Arbitration:** May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## *Case Evaluation*

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or procedural questions to be worked out.  This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR are normally put into writing and can become binding contracts that are enforceable in court. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include Conciliation, Settlement Conference, Fact Finding, Mini-Trial, Victim Offender Conferencing, and Summary Jury Trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute.  Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### Advantages

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR is even used to resolve disputes after trial, when the result is appealed.

### Disadvantages

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
    - Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision.  Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, many programs and the Court have established qualification requirements and standards of conduct for their neutral panels.


# *Mediation Services Offered by Fresno County Superior Court*

## *Mediation Practitioner Panel:*

Fresno County Superior Court, Alternative Dispute Resolution (ADR) Department maintains a fee-for-service Mediation Panel as a public service for court litigants and the community.  Those listed have met the Court's eligibility requirements and have agreed to abide by the Court's professional standards of conduct in order to participate as a panel member. The panel list can be found on the Court's website under the Alternative Dispute Resolution link,
www.fresno.courts.ca.gov/alternative_dispute_resolution/Mediator


## Free / Low Cost ADR Service Options

For cases involving self-represented litigants or those unable to afford a private mediator, the court contracts with the following organization to provide **free or low cost** mediation services through Dispute Resolution Program Act (DRPA) funding.

- **Better Business Bureau Mediation Center**- *This organization provides mediation for* **family law property disputes, small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes.** *For more information about their services go to* **www.bbbmediation.org.**

    *4201 W. Shaw Ave., Ste. 107*
    *Fresno, CA 93722*
    *559.256.6300 (phone)*
    *800.675.8118, ext. 300 (toll free)*


**For more information, go to** www.fresno.courts.ca.gov/alternative_dispute_resolution **or contact:**

| | |
|---|---|
| Mari Henson, Administrator | John Montejano, Asst. Administrator |
| 1130 "O" Street, Fresno, CA. 93724 | 1130 "O" Street, Fresno. CA. 93724 |
| TEL (559) 457-1908, FAX (559) 457-1691 | TEL (559) 457-1909, FAX (559) 457-1691 |
| mhenson@fresno.courts.ca.gov | jmontejano@fresno.courts.ca.gov |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO:<br>ATTORNEY FOR *(Name)*: | |

| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1909 |
|---|

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
|---|---|

| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation    ☐ Arbitration    ☐ Neutral Case Evaluation    ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:  (___) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR).  The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference.  Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

_____    _____    _____
Date                                      Type or Print Name                   Signature of Party or Attorney for Party

_____    _____    _____
Date                                      Type or Print Name                   Signature of Party or Attorney for Party

_____    _____    _____
Date                                      Type or Print Name                   Signature of Party or Attorney for Party

_____    _____    _____
Date                                      Type or Print Name                   Signature of Party or Attorney for Party

☐   Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01  R11-11 mandatory        STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1909 | |
| CASE TITLE: | |

| | |
|---|---|
| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR) ATTACHMENT** | CASE NUMBER: |

_____   _____   _____
Date                        Type or Print Name                 Signature of Party or Attorney for Party

_____   _____   _____
Date                        Type or Print Name                 Signature of Party or Attorney for Party

_____   _____   _____
Date                        Type or Print Name                 Signature of Party or Attorney for Party

_____   _____   _____
Date                        Type or Print Name                 Signature of Party or Attorney for Party

_____   _____   _____
Date                        Type or Print Name                 Signature of Party or Attorney for Party

_____   _____   _____
Date                        Type or Print Name                 Signature of Party or Attorney for Party

_____   _____   _____
Date                        Type or Print Name                 Signature of Party or Attorney for Party

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO:<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____

_____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No   Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No   Reason for delay: _____
       Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert
witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to
participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

TADR-03 `R11-011 mandatory     **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)**          Page 1 of 2

Case Number:

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| **SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO**<br>**Civil Non-Limited - Central Division** | Entered by: |
|---|---|
| TITLE OF CASE:<br>**John Salazar vs. Cargill Beef Solutions Company aka Cargill Meat Solutions Corporation** | |
| **ORDER TO SHOW CAUSE MINUTE ORDER** | Case Number:<br>**17CECG00527** |

Hearing Date: **March 1, 2018**          Hearing Type: **60-Day Continued OSC**
Department: **404**                      Judge/Temp. Judge: **Diaz, Monica**
Court Clerk: **Yang, Julie**            Reporter/Tape: Not Recorded          [ ]Contested

---

**Appearing Parties:**

Plaintiff: **Larry Shapazian, Esq.**                    [ X ] appearing on behalf of Plaintiff

Defendant: **Not Present**                              [ ] appearing on behalf of Defendant

---

**[ X ] Matter continued for service.**

**[ X ]Continued to** [ ]Set for **[ X ]Order to Show Cause** [ ]Case Mgt. Conference [ ]Motion to Dismiss
   **on Date: ___05/03/18_____ at Time: __8:30____ in Dept _404_____**          [ ]Notice waived

**THE COURT ORDERS:**

[ ]Plaintiff  [ ]Defendant  [ ]Clerk  [ ]Ordered to notice all parties

[ ]Clerk to call attorney(s) regarding date/time/reason _____ for continuance.

[ ]Plaintiff  [ ]Defendant  [ ]Juror  [ ]Witness
   [ ]Failed to appear at  [ ]Order to Show Cause  [ ]Case Mgt. Conference  [ ]Other_____
   [ ]Failed to timely serve
   [ ]Sanctioned  $_____
   [ ]Bench Warrant  $_____
      [ ]Hold until _____
      [ ]Issue _____

[ ]No appearance is necessary and matter will be taken off calendar if request for dismissal is filed or
   Judgment is entered prior to hearing date.

[ ]Other_____
   _____
   _____
   _____

---

CV-24b  E01-02                    **ORDER TO SHOW CAUSE MINUTE ORDER**

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California   93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br>John Salazar vs. Cargill Beef Solutions Company aka Cargill Meat<br>Solutions Corporation | |
| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>17CECG00527 |

I certify that I am not a party to this cause and that a true copy of the:

March 01, 2018 60-Day Continued OSC Minutes/Order

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice. I am readily familiar with this court's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.


Place of mailing:  Fresno, California   93724-0002

On Date:   03/08/2018                    Clerk, by _____ , Deputy

J. Yang

Larry H. Shapazian
Tommasian, Pimentel, Shapazian
3419 W. Shaw Ave
Fresno, CA 93711

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                    **CLERK'S CERTIFICATE OF MAILING**

# EXHIBIT D

Helen McFarland (SBN 231501)
COZEN O'CONNOR
999 SW 3rd Ave, Suite 1900
Seattle, WA  98104
Telephone: 206-373-7231
Facsimile: 415-692-3682
E-mail:hmcfarland@cozen.com

Aimee Axelrod Parker (SBN 255589)
COZEN O'CONNOR
501 W Broadway, Suite 1610
San Diego, CA 92101
Telephone: 619-685-1773
Facsimile: 619-234-7831
E-mail: aaparker@cozen.com

Attorney for Cargill Meat Solutions Corporation

E-FILED
6/19/2018 3:11 PM
FRESNO COUNTY SUPERIOR COURT
By: C. York, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF FRESNO

| | |
|---|---|
| JOHN SALAZAR, an individual | ) Case No. 17CECG00527 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **CARGILL MEAT SOLUTION** |
| | ) **CORPORATION'S ANSWER AND** |
| | ) **AFFIRMATIVE DEFENSES TO** |
| CARGILL MEAT SOLUTIONS | ) **PLAINTIFF'S UNVERIFIED FIRST** |
| CORPORATION, aka CARGILL BEEF | ) **AMENDED COMPLAINT** |
| SOLUTIONS COMPANY, and DOES 1-100, | ) |
| | ) |
| Defendants. | ) Complaint Filed:  May 7, 2018 |
| | ) |
| | ) |

Defendant CARGILL MEAT SOLUTIONS CORPORATION ("CMSC" or "Defendant"), hereby answers Plaintiff John Salazar's ("Plaintiff") First Amended Complaint ("Complaint") as follows:

**<u>GENERAL DENIAL</u>**

1.      Pursuant to California Code of Civil Procedure section 431.30(d), CMSC denies each and every allegation contained in Plaintiff's Complaint, and further denies that the Complaint and

1

CARGILL MEAT SOLUTIONS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

36900000\1

each purported cause of action therein states facts sufficient to constitute a cause of action against CMSC.

2.      Defendant further denies that Plaintiff has sustained or will sustain any injury, damage, or loss in the sums alleged, or in any sum at all, by reason of any act, omission, or breach on the part of this Defendant, its employees, or its agents.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below under the heading "Affirmative Defenses," CMSC does not allege or admit that it has the burden of proof with respect to any of these matters.  As and for separate affirmative defenses, CMSC alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3.      The Complaint and all claims for relief therein are barred by the applicable statutes of limitation, including but not limited to those set forth in Code of Civil Procedure §§312, 335.1, 338, and 343, and Government Code §§12926, 12940, 12960.

### SECOND AFFIRMATIVE DEFENSE
### (Workers' Compensation Exclusivity)

4.      Plaintiff is barred from seeking any damages arising from purported physical or emotional injuries allegedly suffered as a result of his employment and discharge in that the sole and exclusive remedy for such claims is governed by the California Workers' Compensation Act (Labor Code §§3200-6208).

### THIRD AFFIRMATIVE DEFENSE
### (At-Will Employment)

5.      Plaintiff's Complaint and all claims for relief therein are barred by California Labor Code §2922.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

6.      Plaintiff has a duty to take reasonable steps to avoid and/or mitigate the alleged damages.  Plaintiff failed to take any such steps, delayed in reasonably doing so, and/or took steps

2

that compounded the alleged damages.  Had Plaintiff timely and diligently taken reasonable steps to avoid and/or mitigate the alleged damages, such damages would have been reduced or avoided altogether.  By failing to mitigate damages, Plaintiff is barred, in whole or in part, from recovering damages, if any, in this action.  Plaintiff's recovery, if any, should therefore be reduced by an amount proportionate to the amount by which such failure to mitigate caused and contributed to Plaintiff's alleged damages.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

7.      Plaintiff's Complaint and all claims for relief therein are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Consent)

8.      Plaintiff expressly or implicitly consented to the alleged conduct of CMSC and is therefore precluded from recovering any damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Ratification)

9.      CMSC is informed and believes, and thereon alleges, that the Complaint and each purported cause of action therein, is barred because Plaintiff ratified the alleged acts or omissions of CMSC, its employees or agents, by reason of his knowledge, conduct, and/or statements.

## EIGHTH AFFIRMATIVE DEFENSE
### (Business Justification)

10.      Plaintiff's Complaint and all claims for relief therein are barred, because any conduct complained of by Plaintiff was a just and proper exercise of CMSC's management discretion undertaken for a fair, non-discriminatory and legitimate business reason regulated by good faith under the circumstances then existing.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver Or Estoppel)

11.      Plaintiff has waived his claims or is estopped by reason of his own conduct, acts, and/or omissions from proceeding with any of his causes of action against CMSC and/or from

3

recovering any damages against CMSC.

### TENTH AFFIRMATIVE DEFENSE
#### (Inability To Perform Essential Functions)

12.    Plaintiff was not a qualified individual and was unable to perform the essential functions of the position with or without accommodation.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Failure to Comply with Labor Code)

13.    The Complaint and each purported cause of action therein are barred by Plaintiff's failure to comply with his employee obligations under the California Labor Code, including, but not limited to, Labor Code §§2854, 2856, and 2857.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Punitive Damages)

14.    Plaintiff's claims fails to state facts sufficient to constitute a cause of action against Defendant that would support an award of punitive damages.  Plaintiff's claims are also barred by Civil Code §3294 and the due process clauses of the California and United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Failure to Exhaust Administrative Remedies)

15.    Plaintiff's Complaint is barred because Plaintiff failed to exhaust his available administrative remedies before the California Department of Fair Employment and Housing and the U.S. Equal Employment Opportunity Commission as required by Government Code Section 12960, Labor Code Section 2698 *et seq.* and other applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (No Continuing Violation)

16.    To the extent Plaintiff's Complaint is based on any alleged discriminatory actions that occurred more than one year prior to the filing of Plaintiff's alleged charge of discrimination with the Department of Fair Employment and Housing/Equal Employment Opportunity Commission (the filing of which is not here admitted to), Plaintiff is barred by Government Code §12960.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

17.     CMSC is informed and believes and thereon alleges that Plaintiff's Complaint and each and every cause of action alleged therein, are barred because the actions taken by Defendant, or its employees or agents, if any, were justified and/or privileged, and consistent with all applicable laws, obligations, and duties.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

18.     To the extent Plaintiff demonstrates that his protected status was a motivating factor for any challenged employment action, Defendant would have taken the same action in the absence of such motivating factor.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

19.     The Complaint and each purported cause of action therein are barred because Plaintiff's own misconduct during his employment bars any recovery to him under the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

20.     Plaintiff's recovery is barred, in part or in full, by the after-acquired evidence doctrine in that Defendant discovered alternative bases for terminating Plaintiff following the end of his employment.

WHEREFORE, CMSC prays that:

1.     Plaintiff recover nothing on the Complaint;

2.     Judgment be entered for CMSC;

3.     CMSC be awarded its costs of suit incurred in defending this action; and

4.     The Court grant such other and further relief as it deems just and proper.

Dated:   June 19, 2018                    COZEN O'CONNOR


                                          By: _____
                                               Helen McFarland

                                          Attorneys for Defendant, Cargill Meat Solutions
                                          Corporation

36900000\1

1

## **Proof of Service**

2       I, the undersigned, declare that I am employed in the city of Seattle, State of Washington.  I

3 am over the age of 18 years and not a party to the within cause; my business address is 999 Third
Avenue, Suite 1900, Seattle, WA 98104.

4       On June 19, 2018, I served the following document:

5 **CARGILL MEAT SOLUTION CORPORATION'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

6
on the following interested party(ies) in the matter of *Salazar v. Cargill Meat Solutions Corp., et al.,*

7 Fresno County Superior Court Case No. 17CECG00527:

8                           *SERVICE LIST*

9

| | |
|---|---|
| Larry H. Shapazian, Esq. | *Counsel for Plaintiff* |
| Tomassian, Pimental & Shapazian | |
| 3419 W. Shaw Avenue | Tel:    559-277-7300 |
| Fresno, CA  93711 | Fax:    559-277-7350 |

10

11

12

13   ☐ **By personal service.**  I personally delivered the documents to the persons at the addresses
listed.  (1) For a party represented by an attorney, delivery was made to the attorney or at the

14       attorney's office by leaving the documents, in an envelope or package clearly labeled to
identify the attorney being served, with a receptionist or an individual in charge of the office,

15       between the hours of nine in the morning and five in the evening.  (2) For a party, delivery
was made to the party or by leaving the documents at the party's residence with some person

16       not younger than 18 years of age between the hours of eight in the morning and six in the
evening.

17

18   ☒ **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed
to the persons at the addresses listed and placed the envelope for collection and mailing,

19       following our ordinary business practices.  I am readily familiar with this business's practice
for collecting and processing correspondence for mailing.  On the same day that

20       correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully

21       prepaid.

22

23   ☐ **By overnight delivery.**  I enclosed the documents in an envelope or package provided by an
overnight delivery carrier and addressed to the persons at the addresses listed.  I placed the

24       envelope or package for collection and overnight delivery at an office or a regularly utilized
drop box of the overnight delivery carrier.

25

26   ☐ **By messenger service.**  I served the documents by placing them in an envelope or package
addressed to the persons at the addresses listed and providing them to a professional

27       messenger service for service.  (A declaration by the messenger must accompany this Proof
of Service or be contained in the Declaration of Messenger below.)

28

7

CARGILL MEAT SOLUTIONS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

36900000\1

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 19, 2018 at Seattle, Washington.

_Dava Bowzer_
_____
Dava Bowzer, Legal Assistant
E-mail:  dbowzer@cozen.com

8
CARGILL MEAT SOLUTIONS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

36900000\1